8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 30 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| IRINEO HUERTA | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-98-100 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND/OR WRIT OF ERROR CORAM NOBIS

Before the Court is Petitioner's Writ of Habeas Corpus and/or Writ of Error Coram Nobis. Through said motion Petitioner seeks relief from a judgment of conviction entered on May 5, 1986 in which there was imposed a sentence of 18 months, the execution of which was suspended for a three year term of probation.

Coram Nobis is a remedy provided under the All Writs Statute, 28 U.S.C. § 1651. When a defendant is no longer in custody, a Writ of Error Coram Nobis is the appropriate procedural vehicle for collaterally attacking a conviction. *See United States v. Drobny*, 955 F.2d 990, 996 *citing United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L.Ed. 248 (1954). Movant is no longer in custody, therefore the instant motion will be construed as a Writ of Error Coram Nobis and **not** as a Petition for Writ of Habeas Corpus.

Coram Nobis is appropriate only where the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions that are being collaterally attacked, and there must be alleged with specificity what lingering civil disabilities the movant continues to suffer as a result of the conviction; furthermore, the demonstration of such disabilities is one of the most significant factors in determining whether sufficiently compelling circumstances exist and

is often a prerequisite to the relief sought. *See United States v. Dyer*, 136 F.3d 417.

Petitioner has failed to "allege with specificity" what lingering civil disabilities he continues to suffer as a result of his conviction in 1986. The only mention Movant makes of any lingering civil disabilities is a sentence in his motion which states: "movant is subject to prohibitions and loss of privileges imposed by virtue of the conviction". The record simply does not reveal any "specific lingering civil disability" that Petitioner has suffered.

Notwithstanding the above, Applicant's Writ of Coram Nobis is barred by the doctrine of laches. The Fifth Circuit in *Dyer*, applied the doctrine of laches in barring a Writ of Coram Nobis brought nearly 12 years after a final conviction. The instant action was brought 12 years after Petitioner's final conviction.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Petitioner's Writ of Error Coram Nobis should be and is hereby **DENIED** and Petitioner's Writ of Habeas Corpus should be and is hereby **DISMISSED** as moot.

DONE this 21th day of December, 1999 in Brownsville, Texas.

Filemon B. Vela

United States District Judge